IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DILIPKUMAR A. PATEL | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-161 |
| WARDEN, FCI BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Dilipkumar A. Patel, an inmate currently confined at FCI Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Discussion

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 on April 26, 2023 (doc. # 1). Petitioner argues the BOP is failing to give him First Step Act ("FSA") time credits which would entitle him to earlier release. *Id*.

Respondent was ordered to show cause and filed a Motion for Summary Judgment on August 21, 2023 (doc. # 6). Respondent argues Petitioner is not a citizen of the United States and has an immigration detainer lodged against him, making Petitioner subject to a final order of removal and thus ineligible to apply for FSA earned time credits. *Id*. Respondent attached as evidence a Declaration filed by Deanne Moore which states in relevant part:

> Inmate Patel is not a citizen of the United States of America. Attachment 2. When Inmate Patel was placed in the custody of the BOP, the BOP received an Immigration Detainer — Notice of Action indicating that inmate Patel was subject of a final order of removal. *Id*. Inmate Patel's Presentence Investigation Report noted that they were subject of a final order of deportation. Attachment 3 at § 63. Inmate Patel is ineligible to apply earned time credits to their sentence as they are the subject of a final order of removal. 18 U.S.C. § 3632(d)(4)(E).

Declaration, Deanne Moore, pg. 3 (doc. # 6-1).

Petitioner filed a Response on September 11, 2023, arguing Respondent failed to provide evidence sufficient to show the existence of a final deportation order (doc. # 11). Petitioner attached an affidavit stating that he denies he is subject to a final order of removal. *Id.* Petitioner states his "affidavit establishes that Patel has not been present at a hearing on his status, that he has received no notice regarding a status hearing (denial of due process to the extent that a hearing was held in abstentia while he was in prison), that he was not served a copy of the 'final order of removal' at the time the immigration detainer was filed against him, nor that he has been tendered a copy of the final order of removal at any time." *Id*.

In a Reply, Respondent argues the evidence submitted in the form of Petitioner's presentence report and immigration detainer is sufficient to find Petitioner is indeed subject to a final order of removal, but then also attached a copy of Petitioner's actual order of removal (doc. # 12). In addition, Respondent attached a copy of the results obtained from the link for the Executive Office of Immigration Review Automated Case Information portal. *Id*. Respondent argues these submissions confirm Petitioner was ordered removed by the immigration judge on March 2, 2007, and that a copy of the order was personally served on both Petitioner and his attorney/representative. *Id*. Respondent also argues the submissions confirm that Petitioner appealed the removal order to the Board of Immigration Appeals, that the appeal was dismissed on December 22, 2008, that the order of removal became final at that time, and that Petitioner then appealed to the Ninth Circuit Court of Appeals who ultimately rejected Petitioner's pleas for relief. *Id*. Respondent argues the competent summary judgment evidence demonstrates Petitioner was aware he is subject to a final order of removal, he is not eligible for FSA time credits, and there is no genuine dispute of material fact. *Id*. In addition, Respondent seeks an order to show cause as to why sanctions should not be entered against Petitioner under Federal Rule of Civil Procedure 11(c)(3). *Id*.

On October 16, 2023, Petitioner filed a Motion to Withdraw Petition (doc. # 14). Petitioner concedes the documents provided by Respondent conclusively show he is subject to final order of removal and are thus dispositive of the issue before the court. *Id*. To the extent Respondent seeks

to proceed under Federal Rule of Civil Procedure 11(c)(3), Petitioner maintains he has no recollection of the events relating to the order of removal, but acknowledges "the exhibits speak for themselves and are dispositive."

Petitioner has an absolute right to voluntarily dismiss his claims. Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Respondent has not filed a counterclaim but does suggest Petitioner's actions merit a show cause order under Federal Rule of Civil Procedure 11(c)(3). Notwithstanding any objections by Respondent, it is recommended that this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 should be dismissed with prejudice.

## Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2)

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 17th day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE